GUSTAVUS L. LAWRENCE vs. EDWARD A. SNOW & another.

Suffolk.    March 3, 1892. — May 17, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Commissions on Sales — Alleged Partnership.*

In an action for one half of the commissions upon certain merchandise sold by the
defendants, it appeared that the contract, as applied to the only facts of which
there was any evidence, showed that the parties, representing different interests,
made an agreement, for a good consideration, which gave them no rights in
common in the business conducted by the defendants, and gave the plaintiff no
right to control the business or interfere with it. In consideration of what the
plaintiff undertook to do for the defendants, they agreed to give him a commis-
sion on their sales, and the plaintiff sued for what he should receive in fulfil-
ment of their agreement. *Held,* that, in the absence of evidence that the plain-
tiff was in partnership with the defendants, or that the commissions were made
conditional on the defendants making profits, the plaintiff was entitled to
recover.

CONTRACT, to recover $1,077.71, being one half of the com-
missions upon ninety-nine car-loads of melons, under the fol-
lowing contract:

"June 18, 1890. Memorandum agreement between G. L.
Lawrence, of New York, and Snow & Co., of Boston. Snow &
Co. to handle all the melons shipped to Boston by the Georgia
and Carolina Melon Exchange and its co-operators; the rate of
commission to be charged to said exchange by Snow & Co. to be
ten per cent; Snow & Co. to rebate said Lawrence five per cent
on the gross sales; Snow & Co. to employ competent salesmen
to facilitate the business in their hands with despatch and good
intention; this agreement as to rebate of commission to cover
all melons received by Snow & Co. this season from Georgia and
South Carolina, exclusive of ten cars, provided that many are
shipped to Snow & Co. independent of the exchange or its co-
operators; all account sales to be made to the exchange with
remittance, and duplicate sales to be sent to Mr. Lawrence at
same time; all orders for shipments to be made through said
Lawrence; Snow & Co. not holding the said Lawrence to the
fulfilment of this agreement as pertains shipments to this mar-
ket by said exchange; said Lawrence, however, agreeing to use

all efforts to promote shipments to Snow & Co.    Snow & Co.
G. L. Lawrence."

The writ was dated September 24, 1890.    The answer was
a general denial.    The case was sent to an auditor, who found
for the plaintiff, and after the filing of the auditor's report the
defendant filed the following:

"And now come the defendants, and for answer admit that
they made the contract declared upon, and that they received
and sold the car-loads of melons for the amounts specified in the
declaration.    They further aver that after making said contract
the Georgia and Carolina Melon Exchange made drafts upon the
defendants for melons shipped to them, which drafts, by direc-
tion of the plaintiff, were paid by the defendants in advance of
the arrival of said melons; that said melons when sold did not
realize enough after paying freight and cartage to reimburse the
defendants for the drafts so paid by them; that said exchange is
insolvent, and entirely without assets, so that nothing can be re-
alized from it, and now owes the defendants two thousand eight
hundred and thirty-eight dollars and nineteen cents, balance of
cash so advanced upon said drafts in addition to their commis-
sions for selling said melons, all of which sums are a total loss to
the defendants; that by the true intent and proper construction
of said contract said rebate of commissions was only to become
due and payable to the plaintiff when received by the defend-
ants, and not otherwise, and the defendants owe the plaintiff
nothing.    And further answering, the defendants say that the
plaintiff when he procured said contract was a member of or
stockholder in said Georgia and Carolina Melon Exchange, that
the contract declared upon is a fraud upon the other members
or stockholders in said exchange, and is void as against public
policy."

At the trial in the Superior Court, before *Blodgett,* J., the
counsel for the plaintiff put in the auditor's report and rested.
The counsel for the defendants called the plaintiff, and the en-
tire evidence consisted of his testimony, numerous letters of the
parties, and a few telegrams, which, with one exception, were
also sent by the parties.

At the close of the plaintiff's testimony it was agreed that
the defendants had paid the drafts and freight and cartage upon

the melons, and that there was due them the sum of $2,838.19, balance of cash so advanced, in addition to the amount of the commissions for selling said melons, all of which was a total loss to the defendants. It was also agreed that the defendants received the money for which the melons were sold.

The defendants then asked the judge to rule:

"1. That, upon a proper construction of said contract, the plaintiff and the defendants were partners in procuring the shipments and selling the melons specified therein; and that the commissions for which this action is brought are the plaintiff's share of the expected profits of the business.

"2. As the plaintiff concedes that Snow & Co. paid the drafts and charges upon the melons, as set up in the answer, and lost the amount therein specified in addition to the expected commissions, the plaintiff must bear his share of the loss (so far as the commissions at least are concerned), and cannot recover them in this action."

The judge declined to make these rulings, and directed a verdict for the plaintiff for the amount claimed in the declaration, with interest from the date of the writ; and the defendants alleged exceptions. The facts sufficiently appear in the opinion.

*W. H. H. Emmons*, for the defendants.

*J. D. Long*, for the plaintiff.

KNOWLTON, J. It appears from the contract, and from the undisputed evidence in this case, that there was an association called the Georgia and Carolina Melon Exchange; that the plaintiff subscribed for the stock of the exchange, and paid money whereby he obtained the privilege of selling, or permitting others to sell, the melons shipped by the exchange to Boston during the season of 1890, and that he made with the defendants the contract in writing set out in the bill of exceptions. He claims five per cent of the gross amount of the defendants' sales under the contract, except the proceeds of ten car-loads on which he was to receive no commission. The only defence set up is that there was a partnership between the parties, or that the plaintiff was only to receive a share of the profits of the business as a compensation for services.

We see no evidence to support either branch of this defence. The contract, as applied to the only facts of which there is

any evidence, shows that the parties, representing different interests, made an agreement with each other, for a good consideration, which gave them no rights in common in the business conducted by the defendants, and gave the plaintiff no right to control it or interfere with it. In consideration of what the plaintiff undertook to do and secure for the defendants, they agreed to give him five per cent commission on their sales of melons furnished under the contract, and the plaintiff sues for what he should receive in fulfilment of their agreement. They made sales, and the plaintiff's commissions amount to a sum agreed. There is no evidence that he was in partnership with them, or that the commissions were made conditional on their making profits. It is not contended that he was guilty of fraud or unfairness, or that he had any connection with the acceptance of overdrafts by the defendants which should make him legally responsible for their losses.

*Exceptions overruled.*